1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

GIGI TOKIN,

11
                        Plaintiff,

12
        v.

13
NANCY A. BERRYHILL,

14
Deputy Commissioner of Social
Security for Operations,

15
                        Defendant.

16

CASE NO. 2:17-CV-01796-RSM-
JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

NOTING DATE: October 12, 2018

17      This matter has been referred to United States Magistrate Judge J. Richard

18  Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19  4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20  271-72 (1976).  This matter has been fully briefed. Dkt. 10, 14, 15.

21      After considering and reviewing the record, the Court concludes that the

22  Administrative Law Judge ("ALJ") erred by failing to consider the lay witness testimony

23
    of plaintiff's vocational counselor, Richard Jones. However, this error was harmless

24

- 1

because the ALJ gave germane reasons supported by substantial evidence in rejecting similar testimony from another vocational counselor. The Court also concludes that even if the ALJ erred in failing to properly consider plaintiff's testimony from the post-remand hearing in 2016, the ALJ gave several clear and convincing reasons supported by substantial evidence for rejecting plaintiff's subjective symptom testimony, which plaintiff does not challenge.

Therefore, the undersigned recommends that the Commissioner's decision be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, GIGI LESLIE TOKIN, was born in 1967 and was 44 years old on the amended alleged date of disability onset of March 5, 2011. *See* AR. 225-26, 227-32. Plaintiff has received her GED.  AR. 50. Plaintiff has not had any paid work since 2010, but did some volunteer work for one month in 2011. AR. 337.

According to the ALJ, plaintiff has at least the severe impairments of "alcohol dependence, posttraumatic stress disorder, depression and anxiety (20 CFR 416.920(c))." AR. 799.

At the time of the second hearing, plaintiff was living in a respite care facility. AR. 833.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

1  following reconsideration. *See* AR. 83-92, 93-102, 105-114, 115-25. Plaintiff's first

2  hearing (AR. 42-82) resulted in a decision denying coverage dated January 7, 2013. AR.

3  17-41.  Plaintiff appealed and this Court remanded the matter for further administrative

4  proceedings.  *See* AR. 903-14.  Plaintiff's second hearing was held before ALJ Larry

5  Kennedy ("the ALJ") on May 23, 2016. *See* AR. 823-72.

6          On September 2, 2016, the ALJ issued a written decision in which the ALJ

7  concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR.

8  793-822.  The ALJ applied the five-step sequential evaluation process and determined

9  that based on her residual functional capacity ("RFC"), plaintiff could not perform any

10  jobs in the national economy. AR. 799-804. However, the ALJ then determined that if

11  plaintiff stopped her substance abuse, at step two, the remaining limitations would not

12  cause more than a minimal impact on her ability to perform basic work activities and

13  therefore, did not have a severe impairment or combination of impairments. AR. 804-

14  814. Because the ALJ found plaintiff was not disabled at step two after factoring out the

15  limitations from alcohol abuse, the ALJ was not required to continue through the

16  remainder of the sequential evaluation process.

17          On October 4, 2017, the Appeals Council denied plaintiff's request for review,

18  making the written decision by the ALJ the final agency decision subject to judicial

19  review. AR. 780-86. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

20  seeking judicial review of the ALJ's written decision in December 2017. *See* Dkt. 4.

21  Defendant filed the sealed administrative record regarding this matter ("AR.") on

22  February 5, 2018. *See* Dkt. 8.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ harmfully erred when he failed to consider plaintiff's post-remand 2016 testimony; (2) Whether the ALJ harmfully erred when he failed to consider the vocational rehabilitation records; and (3) Whether remand for payment of benefits is the appropriate remedy. Dkt. 10 at 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)    Whether the ALJ harmfully erred when he failed to consider plaintiff's testimony.

Plaintiff argues that the ALJ erred when he failed to consider plaintiff's testimony from the 2016 post-remand hearing ("2016 hearing"). Dkt. 10 at 2-6. Plaintiff argues that the ALJ's decision contains a description of plaintiff's testimony, but that it was taken from the ALJ's pre-remand decision in 2013 ("2013 decision") and not updated to discuss plaintiff's testimony at the 2016 hearing. Dkt. 10 at 4 (citing AR. 29, 805). Plaintiff argues that the ALJ failed to consider plaintiff's testimony from the 2016 hearing related to her alcohol abuse and testimony concerning difficulty completing

paperwork, finding housing and employment, and using the bus. Dkt. 10 at 5 (citing AR. 845).

Plaintiff contends that she is unable to work due to panic attacks, PTSD, depression, comprehension, short term memory, anxiety and stroke. AR. 249. At the 2016 hearing, plaintiff testified that her aunt helped her complete paperwork and find housing. AR. 845. Plaintiff testified that she would request assistance from the Washington Division of Vocational Rehabilitation ("DVR") to help prepare her resume and go on interviews with her. AR. 845-46. Plaintiff also testified that if she had to go to a new place, her aunt or another person would help her because she is not good at reading directions. AR. 849. Plaintiff testified that she had been lost a few times when traveling by bus. AR. 885. Regarding her alcohol use, plaintiff testified that she had been drinking two or three times per week at the time of the hearing. AR. 837.

In the 2016 post-remand decision ("2016 decision"), the ALJ noted the following testimony:

> At the most recent hearing, the claimant testified she is still drinking alcohol. She reported working with the Division of Vocational Rehabilitation to find employment she can perform, although she noted computer skills are difficult for her. The claimant reported receiving therapy and talking about her stress and PTSD.

AR. 809.

Plaintiff argues that the ALJ failed to consider plaintiff's testimony from the 2016 hearing concerning difficulty completing paperwork, finding housing, obtaining employment and using the bus. Dkt. 10 at 5. Plaintiff argues that the evidence is significant because it is consistent with the reports from the DVR, which the ALJ also

1    failed to address when he found that plaintiff has no severe impairment other than

2    alcoholism. Dkt. 10 at 5.

3        First, the Court notes that contrary to plaintiff's contention, the ALJ did discuss

4    plaintiff's testimony at the 2016 hearing with respect to her alcohol use, computer skills,

5    and working with the DVR. *See* AR. 809. Nevertheless, even if the ALJ erred in in failing

6    to consider every aspect of plaintiff's testimony at the 2016 hearing, plaintiff has not

7    shown how this error was not harmless.

8        The Ninth Circuit has "recognized that harmless error principles apply in the

9    Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

10   (citing *Stout*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit has reaffirmed the

11   explanation in *Stout* that "ALJ errors in social security are harmless if they are

12   'inconsequential to the ultimate nondisability determination' and that 'a reviewing court

13   cannot consider [an] error harmless unless it can confidently conclude that no reasonable

14   ALJ, when fully crediting the testimony, could have reached a different disability

15   determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454

16   F.3d at 1055-56).

17       In this case, the ALJ provided several clear and convincing reasons for rejecting

18   plaintiff's subjective symptom testimony, which plaintiff does not challenge. Dkt. 10 at

19   2-5; AR. 806-809.  So long as the ALJ provides one clear and convincing reason,

20   supported by substantial evidence, for rejecting plaintiff's testimony, any other error by

21   the ALJ in evaluating plaintiff's testimony is harmless.  *See Molina v. Astrue*, 674 F.3d

22   1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*,

454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). In *Molina,* the court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted). Plaintiff's failure to challenge all of the ALJ's reasons for discrediting her subjective symptom testimony renders any error in the ALJ's assessment of her 2016 testimony harmless in light of the ALJ's other valid reasons. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1226, n. 7 (finding an argument not raised in the plaintiff's opening brief was deemed waived); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (striking down one or more justifications for discrediting a claimant's testimony amounted to a harmless error where the ALJ presented other reasons for discrediting the testimony which was supported by substantial evidence in the record); *Carmickle v. Comm'r of Social Sec. Admin.,* 533 F.3d 1155, 1162–63 (9th Cir. 2008).

The ALJ found that plaintiff's testimony was inconsistent with the objective medical evidence and her daily activities, which are clear and convincing reasons to discount her subjective symptom testimony. AR. 809. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted) (The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons."); *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995) (An ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record.); *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (An ALJ may discredit a plaintiff's

subjective complaints by identifying inconsistencies between his complaints and activities of daily living.)

The ALJ's finding is also supported by substantial evidence. The ALJ cited to evidence that plaintiff reported no significant difficulty meeting home, work, or social obligations and had low Patient Health Questionnaire ("PHQ-9") and Generalized Anxiety Disorder Questionnaire ("GAD-7") scores. AR. 808 at fn. 1, 809.[1]

In December 2013, plaintiff's PHQ-9 score was a two and her GAD-7 score was a one, indicating no depression and less than mild anxiety, respectively. AR. 1236. In January 2014, plaintiff's PHQ-9 score was a one and her GAD-7 score was a two, and plaintiff reported that her mood "has been much better." AR. 1233. In February 2014, plaintiff reported that she was doing "very well" and was ready to return to work. AR. 1223. Plaintiff also reported that she was functioning fully and taking care of herself. AR. 1227. In April 2014, plaintiff again reported no difficulty at all in meeting home, work, or social obligations and her PHQ-9 score was a one and her GAD-7 score was a zero. AR. 1217. Plaintiff reported that she wanted to get back working part-time and did not think that she needed to continue to seek treatment at Behavioral Health. AR. 1217. In June 2014, plaintiff reported she was "[o]verall doing well." AR. 1214. In June 2015, plaintiff's PHQ-9 score was a seven, indicating mild depression, but her mental status

---

[1] The PHQ-9 is used to screen, diagnose and measure the severity of depression, a score of 0-4 indicates no symptoms to minimal symptoms and a score of 5-9 indicates mild symptoms. AR. 808 at fn. 1. *See* MacArthur Initiative on depression and primary care: Using PHQ –9 Diagnosis and Score of Initial Treatment Selection, Depression-primarycare.org/clinicians/toolkits/materials/forms/phq9/score_table/ (last visited September 26, 2018). The GAD-7 is a questionnaire for screening and measuring generalized anxiety disorder. AR. 808 at fn. 1. A score in the range 0-4 indicates minimal anxiety and a score of 5-9 indicates mild anxiety. AR. 808 at fn. 1. *See also* Generalised Anxiety Disorder Assessment (GAD-7), https://patient.info/doctor/generalised-anxiety-disorder-assessment-gad-7 (last visited September 26, 2018).

was "okay". AR. 1207-08. Plaintiff also reported that sometimes she "probably drink[s] too much[.]" AR. 1207-08. In August 2015, plaintiff's mental status examination was unremarkable. AR. 1253-55. Plaintiff had normal affect and mood, thought process was logical and connected, thought content was appropriate, she was fully oriented, her memory was intact, and her judgment and insight were fair. *Id.*  In November and December 2015, plaintiff's mental status examinations were also largely normal. AR. 1265, 1277-78.

Accordingly, the Court concludes that plaintiff's reports that she has no difficulty meeting home, work, or social obligations, along with her low PHQ-9 and GAD-7 scores and unremarkable mental status examinations are inconsistent with her claims about the severity of her limitations.

In addition, the ALJ found that plaintiff had minimal work history and a lack of motivation to work. AR. 809. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002) (poor work history can to show a lack of motivation to work); <u>Lester–Mahaffey v. Comm'r of SSA</u>, 640 Fed.Appx. 627, 629 (9th Cir. 2016) (finding that ALJ properly considered claimant's limited work history in concluding that claimant appeared to lack motivation to work consistently). The ALJ cited to plaintiff's testimony that she has chosen to be a stay-at-home mom and not work for many years, and that one of the biggest barriers to employment was her lack of skills and experience. AR. 52-53, 57. Therefore, the Court finds that the ALJ logically inferred that based on plaintiff's limited work history, her impairments may not be the reason she is unemployed. The Court notes that plaintiff argues that the ALJ did not explain which parts of plaintiff's testimony from

the 2016 hearing were undermined by the reasons discussed above. Dkt. 10 at 2-5 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). However, the Court finds that this case is distinguishable from *Brown-Hunter,* where the ALJ only discussed the objective medical evidence to support his finding that plaintiff was not credible. *Id.* However, here, the ALJ did not rely on the objective medical evidence alone, it was but one factor in his analysis. *See* AR. 809. Moreover, the ALJ in this case did not merely summarize the medical evidence and state his non-credibility conclusory or make a "'single, conclusory statement' " that plaintiff's allegations have been considered or are not credible. *Id.* at 492 (citing SSR 96-7p), 494; *See* AR. 809. Rather, the ALJ identified several specific reasons supported by evidence in the record that were sufficiently clear and convincing to support the credibility determination.

In sum, plaintiff fails to show that the ALJ made any harmful error regarding his consideration of her subjective symptom testimony. Although plaintiff emphasizes that various aspects of her testimony are consistent with the vocational rehabilitation records, Dkt. 10 at 5, this line of argument only supports an alternative interpretation of the evidence, without establishing error in the ALJ's decision. Even if a contrary interpretation could be deemed rational, the ALJ's at least equally rational interpretation suffices to uphold the decision. *See Tackett*, 180 F.3d at 1098; *Morgan*, 169 F.3d at 599. Just because there is more than one way to reasonably interpret the evidence in the record, does not mean that the ALJ committed reversible error. *See id.* Therefore, reversal is not warranted on this issue. *See Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d

1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve

conflicts in the testimony, and resolve ambiguities in the record.").

      (2)     Whether the ALJ erred when he failed to consider the vocational
              rehabilitation records.

Plaintiff argues that the ALJ erred in failing to give weight to vocational

rehabilitation records from DVR vocational counselor, Richard Jones. Dkt. 10 at 6-12.

Defendant responds that this testimony was neither significant nor probative, and

therefore, the ALJ was not obligated to consider it. Dkt. 14 at 14. Defendant also argues

that the ALJ provided numerous germane reasons for not accepting the opinions noted in

the vocational rehabilitation records. Dkt. 14 at 14-15.

Mr. Jones is a vocational counselor with DVR, making his testimony lay evidence.

*Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010) ("The regulations

treat '[p]ublic and private social welfare agency personnel' as 'other sources,' 20 C.F.R.

§ 404.1513(d)(3), and the ALJ may expressly disregard lay testimony if the ALJ 'gives

reasons germane to each witness for doing so.' ") (citation omitted). Evidence from

public or private social welfare organizations and their staff, as "other source" lay

testimony, is competent if it shows the severity of a claimant's impairment(s) and how the

impairment(s) affect the claimant's ability to work. 20 C.F.R. § 404.1513(d)(3); *Dodrill,*

12 F.3d at 918–19.

An ALJ may disregard opinion evidence provided by "other sources,"

characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane

to each witness for doing so.'" *Turner,* 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236

F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th

Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ

must consider lay witness testimony concerning a claimant's ability to work." *Stout v.*

*Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006)

(citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4)

and (e), 416.913(d)(4) and (e)).  In rejecting lay testimony, the ALJ need not cite the

specific record as long as "arguably germane reasons" for dismissing the testimony are

noted, even if the ALJ does "not clearly link his determination to those reasons," and

substantial evidence supports the ALJ's decision. *Lewis*, 236 F.3d at 512.

　　　The ALJ discussed the vocational rehabilitation records with respect to vocational

counselor Marikia McCaddon. AR. 810-11. Ms. McCaddon found that plaintiff required

a modified or flexible schedule, was unable to perform at a pace necessary to meet

minimum production, and unable to sustain attention for long periods, and that plaintiff

has significant behavior issues and problems appropriately following instructions,

concentrating, remembering and completing tasks. AR. 1078. Ms. McCaddon found that

plaintiff has serious limitations in four or more functional areas (mobility, cognition, and

learning, self-car, interpersonal, work tolerance, work skills). AR. 1080.

　　　The ALJ assigned this evidence little weight. AR. 810-11. The ALJ reasoned that

it was unclear if the assessment accounted for plaintiff's functioning when not using

alcohol, and that Ms. McCaddon's testimony was inconsistent with the record,

specifically recent treatment notes showing low PHQ-9 and GAD-7 scores and

unremarkable mental status examinations, and plaintiff's activities of daily living. AR. 808 at fn. 1, 810-11.

The ALJ did not, however, discuss evidence prepared by Mr. Jones. AR. 810-11. Mr. Jones' eligibility determination discusses plaintiff's impairments, and how these impairments affect her ability to work. AR. 1066-74. Specifically, Mr. Jones noted that plaintiff demonstrated below average proficiency with stamina and endurance, and that her work speed never reached a satisfactory level to be successful in a manufacturing/production type work environment. AR. 1066. He noted that plaintiff struggled throughout her assessment with retention of learning basic instructions as she learned new tasks, and that she needs more individualized attention than the average person when learning a new task. AR. 1066. He noted that plaintiff lost her train of thought easily, had trouble staying focused, and had great difficulty in following multi-step instructions. AR. 1067. Mr. Jones rated plaintiff's attendance, skill retention, and ability to follow directions as poor, and her attitude and stamina as below average. AR. 1069.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Mr. Jones' lay witness testimony related to plaintiff's ability to follow instructions, attendance, skill retention, attitude, and stamina are related to her ability to

be employed, and are therefore significant probative evidence. *See* 20 C.F.R. § 404.1545(c) (the Commissioner must consider a claimant's ability to work on a "regular and continuing basis"). The ALJ did not provide any explanation as to his interpretation of Mr. Jones' testimony, and the Court cannot determine if the ALJ properly considered the findings or simply ignored the evidence. Accordingly, the ALJ erred by failing to explain the weight given to Mr. Jones' testimony. *See Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for disregarding significant, probative evidence"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

Nevertheless, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056 (reviewing cases). However, that case has been considered and discussed by the Ninth Circuit subsequently in the case of *Molina v. Astrue*, 674 F. 3d 1104 (9th Cir. 2012), where the court warned that the *Stout* rule should not be 'plucked out of context,' but rather should be considered in light of whether or not the error was "inconsequential to the ultimate nondisability determination." *Id.* at 1117 (quoting *Carmickle, v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The Ninth Circuit noted, among other things, that failure to give individualized reasons for rejecting a lay witness's statement is not per se prejudicial if the ALJ gave well supported reasons for rejecting similar testimony. *Id.* at 1117. If the ALJ has provided proper reasons to discount the lay testimony in another aspect of the

written decision, such as within the discussion of plaintiff's testimony, the lay testimony may be considered discounted properly even if the ALJ fails to link explicitly the proper reasons to discount the lay testimony to the lay testimony itself. *See Molina,* 674 F.3d at 1121 (quoting *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001)). The Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision regarding disability. *See Molina,* 674 F.3d at 1117-22; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

Although the ALJ did not discuss Mr. Jones' testimony, the ALJ considered substantially similar testimony in assigning little weight to the testimony of Ms. McCaddon. The ALJ concluded that Ms. McCaddon's testimony was inconsistent with plaintiff's activities of daily living, it was unclear whether Ms. McCaddon's testimony accounted for plaintiff's alcohol abuse, and Ms. McCaddon's testimony was inconsistent with the medical evidence in the record.  AR. 810-811. Plaintiff does not challenge this rationale, and the ALJ's conclusion that Ms. McCaddon's statements were not consistent with plaintiff's daily activities and the medical record are proper reasons for discounting statements of lay witnesses. *See Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001) (An ALJ may discount lay witness statements that are not consistent with the medical evidence.); *Bayliss v. Barnhart,* 427 F.3d 211, 218 (9th Cir. 2005) (ALJ may discount lay witness statements that are inconsistent with a claimant's activities of daily living).

The ALJ's rationale is also supported by substantial evidence, not challenged by plaintiff. As discussed above, plaintiff's PHQ-9 and GAD-7 scores represent minimal to

mild depression and anxiety, and her mental status examinations were largely normal AR. 1207-08, 1214, 1217, 1223, 1227, 1236, 1253-55, 1265, 1277-78.

With respect to her daily activities, plaintiff consistently reported that she did not have significant difficulty in meeting home, work or social obligations. AR. 1217, 1227, 1236. In addition, plaintiff reported that she was able to volunteer at a retirement home, go to the grocery store, prepare meals, go to the park, take care of her 13 year-old son full-time, and walk to work. AR. 49-50, 64, 852. Even if plaintiff's activities do not rise to the level of transferable work skills, they are inconsistent with the lay witness testimony of Ms. McCaddon and Mr. Jones.

Accordingly, these inconsistencies provide a germane reason to reject the lay witness testimony. The ALJ's failure to give individualized reasons for rejecting Mr. Jones' testimony is harmless because the ALJ gave well supported reasons for rejecting the similar testimony of Ms. McCaddon. *See Molina*, 674 F.3d at 1117, 1122 (finding harmless error where the ALJ failed to discuss testimony from the family members when the testimony from the family members did not describe limitations beyond those described by the claimant, whose testimony the ALJ properly discredited).

The Court notes that plaintiff also argues that the testimony of Mr. Jones is consistent with other evidence of record, including examining psychologist William Wilkinson, Ed.D., Brent O'Neal, Ph.D., and plaintiff's aunt, Mary Friesen. Dkt. 10 at 8-10. However, plaintiff does not directly challenge the ALJ's consideration of this evidence, and only argues that the ALJ erred when he failed to consider Mr. Jones'

testimony. Because the ALJ did not commit reversible error in his consideration of the lay witness testimony, the Court is not persuaded by plaintiff's argument.

CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **defendant** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 12, 2018, as noted in the caption.

Dated this 28th day of September, 2018.


J. Richard Creatura
United States Magistrate Judge